UNITED STATES of America,
Appellee,

v.

John Anthony MASIELLO, John A. Masiello, Jr., Appellants.

No. 97, Docket 34769.

United States Court of Appeals, Second Circuit.

Submitted June 22, 1971.

Decided July 21, 1971.

fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.

Irving Anolik, New York City (Abraham H. Brodsky, New York City, of counsel), for appellants.

Edward M. Shaw, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty., S. D. N. Y., and Robert G. Morvillo, Asst. U. S. Atty., of counsel), for appellee.

Before FRIENDLY, Chief Judge, and SMITH and HAYS, Circuit Judges.

PER CURIAM:

Defendant appellants, John Anthony Masiello and John A. Masiello, Jr., father and son, are shareholders in A. N. R. Leasing Corporation, an organization which leased trucks and trailers to both private corporations and the Post Office Department. They were convicted in the District Court for the Southern District of New York before Morris Lasker, Judge, and a jury, of conspiracy and bribery of public officials, in violation of 18 U.S.C. §§ 371 and 201(b). They were acquitted on "gratuity" counts. We find no error and affirm the convictions.

We remanded this case to the District Court with a request that Judge Lasker conduct a hearing on the reasonableness of the search and report thereon. 434 F.2d 33. The hearing was held and report made.

Judge Lasker made findings as to the extent of the search and found the search reasonable under the standards prevailing prior to Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). While the area searched involved several office rooms and a large quantity of material was seized, it was confined to a search for and seizure of likely sources of admissible evidence of the crime, consisting of canceled checks and check stubs, a cash receipts and disbursements book for the period in question, truck and vehicle payment records and a purchase order book. Judge Lasker credited the government agents and the detailed inventory given and properly declined to credit conflicting testimony that a great amount of additional material was taken. Credibility was of course a matter for the judge to determine, and his conclusion that the search and seizure were reasonable on the facts found was clearly correct.

We find no merit in the other issues raised on appeal. There was sufficient evidence for the jury to infer a corrupt intent to obtain special advantage from the payments to officials in charge of the government end of the Masiello contracts.

We have considered the "gratuity" count a lesser included offense of the bribery count; there was therefore no inconsistency in the charges. United States v. Irwin, 354 F.2d 192, 196 (2d Cir. 1965); United States v. Polansky, 418 F.2d 444, 446 (2d Cir. 1969).

The charge that the corporation could not be found guilty unless one of the Masiellos was guilty is properly interpreted as reference to the necessity of the corporation acting through a natural person, here on the facts necessarily one of the Masiellos. Even if there was a possible agent in McKeever, no harm to the appellants is shown.

The judgment is affirmed.